CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ADAM FOORE,** | ) | CASE NO. 7:12CV00375 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| **SWVRJA-ABINGDON,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Christopher Adam Foore, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that local jail officials have failed to provide him with adequate treatment for dental and mental health problems. Foore has also filed a motion to amend, which the court will grant, to add a claim about medical treatment. After review of Foore's complaint as amended, however, the court summarily dismisses the action without prejudice for failure to state a claim.

I

Foore is incarcerated at the Southwestern Virginia Regional Jail Authority facility in Abingdon ("the jail"), but he is designated for transfer to the Virginia Department of Corrections (VDOC). In the past 15 months, the jail dentist has extracted 13 of Foore's teeth. Foore complains that he has other dental problems that cannot be fixed at the jail, which only does tooth extractions. Foore cannot afford to buy partial dentures and is now receiving meals consisting of peanut butter and beans, because he cannot eat the normal inmate diet until his teeth are fixed. Foore also claims that the jail's mental health staff refuses to see him because of a past charge that was never investigated. In his motion to amend, Foore alleges that after he complained of experiencing "bad dizzy spells," a doctor examined him and told him, "[I]t's not a

serious medical condition and there's nothing he can do." (ECF No. 7.) Foore then asked to see another doctor. The jail medical staff told him they would put him on the "doctor's list," but have not "followed through." (Id.) Finally, Foore claims that as a VDOC-designated inmate, he is eligible to be a "trustee" under VDOC rules, but the jail staff is not following VDOC rules and wrongfully refuses to make him a trustee.

The only defendant Foore names is the "SWVRJA-Abingdon" jail. As relief in this action, Foore seeks "to be sent to a [V]DOC facility so [he] can get proper dental and mental health care." (Compl. 2.)

II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312,

2

326 (1981). Foore fails to link a jail policy to any of the alleged deprivations. Accordingly, plaintiff fails to state a claim upon which relief may be granted against the jail,[1] and the court will dismiss the complaint without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of August, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[1] Foore's allegations also fail to state any actionable § 1983 claim against any jail official. First, Foore fails to allege facts indicating that any of his medical, dental, or mental health conditions present a serious medical need for immediate treatment or different accommodation that he has received at the jail, or that officials have acted with deliberate indifference to his needs. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that to state Eighth Amendment claim, inmate must show prison official's deliberate indifference to inmate's serious medical need); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that inmate's disagreement with medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment). Second, jail officials' failure to comply with the VDOC prison regulations regarding eligibility for trustee status does not state a § 1983 claim. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990) (finding that violations of state law by state officials do not provide basis for constitutional claims under § 1983). Finally, Foore has no constitutional right to be confined in any particular jail or prison facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).